UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWN FRANCIS,

                Plaintiff,        9:25-CV-0016
                                                (LEK/ML)
     v.

DEPUY, et al.,

                Defendants.

---

APPEARANCES:                                        OF COUNSEL:

SHAWN FRANCIS
Plaintiff, pro se
23-R-0323
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

LAWRENCE E. KAHN
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

On January 6, 2025, pro se plaintiff Shawn Francis ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). The complaint asserts claims related to plaintiff's confinement at Washington Correctional Facility ("Washington C.F."). *See generally* Compl.

By Memorandum-Decision and Order filed on April 25, 2025 (the "April 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 7. The Court

found that the Eighth Amendment excessive force claims against Depuy and John Does 1-3 and the Eighth Amendment failure to protect claim against Hampton survived review. *Id.* at 10. The Court dismissed the remaining claims, without prejudice, for failure to state a claim. *See id.* Plaintiff was permitted to file an amended complaint within forty-five (45) days of the filing of the April 2025 Order. *See id.*

On July 25, 2025, having received no communication from plaintiff, the Court issued an Order directing plaintiff to provide the documents for service within thirty days. Dkt. No. 9.

In lieu of documents for service, plaintiff filed an amended complaint. Dkt. No. 11 ("Am. Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2025 Order and will not be restated in this Decision and Order. *See* Dkt. No. 7 at 3-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff repeats and realleges the facts and causes of actions asserted in the original complaint and includes additional facts related to events that occurred at Washington C.F. *See generally* Am. Compl.

On or around June 30, 2024, defendant Correction Officer Dupuye[1] ("Dupuye") directed plaintiff to exit the bathroom and place his hands on the wall. Am. Compl. at 3. Defendant Correction Sergeant Hampton ("Hampton") was also present and "disengage[d]"

---

[1] In the original complaint, plaintiff referred to defendant as "Depuy." With the amended complaint, plaintiff spells his name as "Dupuye." The Clerk of the Court is directed to amend the Docket Report accordingly.

2

her Body Worn Camera ("BWC").  *Id.*  Plaintiff "did as instructed," and Dupuye "slammed [] plaintiff's head into the dorm wall."  *Id.*  Hampton's BWC recorded the interaction in "passive mode."  *Id.*

Dupuye handcuffed plaintiff and told him to go with him, to a van waiting outside.  Am. Compl. at 3.  Dupuye then "kicked and punched [plaintiff] in the head and body area."  *Id.*  Dupuye told plaintiff that if he "told anybody about [the] assault, [he] would kill [] Plaintiff."  *Id.*  Hampton was also present during the exchange.  *Id.*

Plaintiff was taken to the facility infirmary.  *Id.*  While at the infirmary, Dupuye said to plaintiff, "[i]f you report me assaulting you to the nurse or anyone[,] I will kill you."  *Id.* at 4.  Hampton was present "outside of the room."  *Id.*  Plaintiff was treated by the facility medical staff.  *Id.*

Plaintiff was escorted to an isolation cell.  *Id.*  There, defendants Corrections Officer John Doe #1, John Doe #2, and John Doe #3 entered the cell and "started to beat [] Plaintiff about the head, face, and body area."  *Id.*  Defendants told plaintiff "if he screamed or called for help[,] that they will kill him/Plaintiff and nobody would know."  *Id.*

On July 1, 2024, plaintiff was transported to the Special Housing Unit ("SHU").  *Id.*  Due to his pain from the assaults, plaintiff submitted a sick call slip and was treated at the infirmary.  *Id.*

Construing the amended complaint liberally[2], plaintiff alleges the following: (1) excessive force claims; (2) failure to protect claims; (3) condition of confinement claims (4)

---

[2] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set

3

due process claims; and (5) state law claims.[3]  *See generally* Compl.  Plaintiff seeks monetary damages.  *See id*.

### C. Analysis

#### 1. Excessive Force

The law related to excessive force claims was discussed in the April 2025 Order and will not be restated herein.  *See* Dkt. No. 7 at 5-6.  In the April 2025 Order, the Court found that the excessive force claims against Dupuye and John Does 1-3 survived review and required a response.  *See id*.  These claims are repeated and realleged in the amended complaint.  For the reasons set forth in the April 2025 Order, defendants are directed to respond to these claims.

#### 2. Failure to Protect

The law related to failure to protect claims was discussed in the April 2025 Order and will not be restated herein.  *See* Dkt. No. 7 at 7-8.  In the April 2025 Order, the Court found that the failure to protect claims against Hampton survived review and required a response.  *See id*.  These claims are repeated and realleged in the amended complaint.  For the reasons set forth in the April 2025 Order, defendant is directed to respond to these claims.

#### 3. Conditions of Confinement - SHU Confinement

With the amended complaint, plaintiff claims that Dupuye denied him "food, medical treatment, religious consultation, phone calls, bedding, and showers for the duration of his confinement" in the SHU.  Am. Compl. at 5.

---

out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

[3] With the amended complaint, plaintiff asserts an equal protection claim.  *See* Am. Compl. at 5.  The pleading however, is devoid of any factual allegations in support of an equal protection claim.  Due to the conclusory nature of this claim and lack of supporting facts, the Court cannot engage in any meaningful analysis of a potential Fourteenth Amendment equal protection claim.

"To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468,480 (2d Cir. 1996) (citation omitted). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' " *Id*. (citation omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).

With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' " *Jolly,* 76 F.3d at 480 (citation omitted). To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Walker*, 717 F.3d at 125.

Even assuming, for the purposes of this review, that the conditions plaintiff endured in the SHU satisfied the objective prong of an Eighth Amendment claim, the complaint lacks facts suggesting that Dupuye or any named defendant was personally involved in any decisions related to plaintiff's confinement in the SHU. Plaintiff does not allege that he complained to Depuye or any named defendant about the conditions and he failed to assert any facts related to how or when any named defendant became aware of the conditions.

Because plaintiff has not plead that any named defendant took any individual action with respect to these conditions of confinement, there is no basis for liability under § 1983. Accordingly, plaintiff's condition-of-confinement claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### 4. Fourteenth Amendment – Due Process

Plaintiff claims he was denied due process when he was placed in the SHU for two weeks.  Am. Compl. at 5.

To successfully state a claim under Section 1983 for denial of due process, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process.  See *Ortiz v. McBride,* 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).

In *Sandin v. Conner,* 515 U.S. 472 (1995), the United States Supreme Court determined that to establish a liberty interest, a plaintiff must sufficiently demonstrate that (1) the State actually created a protected liberty interest in being free from segregation; and that (2) the segregation would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 483-84; *Tellier*, 280 F.3d at 80; *Hynes*, 143 F.3d at 658.  To determine whether an inmate has suffered an "atypical and significant hardship," the conditions imposed upon the inmate must be compared with those imposed upon the rest of the general population of the facility as well as those in administrative and protective confinement.  See *Welch v. Bartlett,* 196 F.3d 389, 393 (2d Cir. 1999); see also *Vega v. Lantz,* 596 F.3d 77, 83 (2d Cir. 2010) ("To be actionable, the liberty interest must subject the prisoner to 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.' ") (quoting *Sandin*, 515 U.S. at 484).

While not the only factor to be considered, the duration of a disciplinary confinement remains significant under *Sandin*.  *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000). Specifically, while under certain circumstances confinement of less than 101 days could be shown to meet the atypicality standard under *Sandin (see Colon,* 215 F.3d at 232 n.5), the

Second Circuit generally takes the position that disciplinary confinement, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship, while confinement for a period of more than 305 days has been held to be atypical even if under "normal conditions."  *Ortiz,* 380 F.3d at 654; *Colon,* 215 F.3d at 231.

The due process protections afforded inmates facing disciplinary hearings that affect a liberty or property interest include advance written notice of the charges, a fair and impartial hearing officer, a hearing that affords the inmate the opportunity to call witnesses and present documentary evidence, and a written statement of the evidence upon which the hearing officer relied in making his determination.  *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing, *inter alia, Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974)).  The hearing officer's findings must be supported by "some" "reliable evidence."  *Id*. (citing, *inter alia, Superintendent v. Hill,* 472 U.S. 445, 455 (1985)).

Here, even assuming plaintiff's two-week confinement in the SHU and the conditions he endured constitute an atypical or significant hardship, as discussed *supra*, the amended complaint lacks facts suggesting that any named defendant was personally involved in the decision to confine plaintiff to the SHU.  The pleading is devoid of any information related to who ordered plaintiff transferred or why plaintiff was transferred to the SHU.  While plaintiff claims that "Dupuye and multiple officers" denied him food, medical, etc., the amended complaint does not include any dates and plaintiff has not explained how or when he complained to Dupuye or any other named defendant about his conditions and what response, if any, he received to his complaints.

Because plaintiff has not plead that any named defendant took any individual action with respect to his SHU confinement, there is no basis for liability under § 1983.  Accordingly,

plaintiff's due process claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### 5. State Law Claims

Plaintiff asserts assault, battery, and intentional infliction of emotional distress claims. *See* Am. Compl. at 6.

"[A] cause of action under 42 U.S.C. § 1983 may not be premised solely on a violation of state law." *O'Neil v. Bebee*, No. 5:09-CV-1133 (GTS/DEP), 2010 WL 502948, at *7 n.15 (N.D.N.Y. Feb. 10, 2010). However, a court may choose to exercise supplemental jurisdiction over pendent state law causes of action pursuant to 28 U.S.C. § 1367 where the state law causes of action "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

Here, plaintiff's assault, battery, and intentional infliction of emotional distress claims are based on the same allegations that give rise to the excessive force claims, which have survived sua sponte review. As a result, the Court will exercise supplemental jurisdiction over plaintiff's related state law claims, which also survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

## III. CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 11) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report in accordance with this Order; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: (1) Eighth Amendment condition of confinement claims; and (2) Fourteenth Amendment due process claims;[4] and it is further

**ORDERED** that the following claims survive review and require a response: (1) Eighth Amendment excessive force claims against Depuye and John Does 1-3; (2) Eighth Amendment failure to protect claims against Hampton; and (3) state law claims; and it is further

**ORDERED** that, upon receipt of the documents for service, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

---

[4] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant John Does 1-3. Plaintiff's failure to timely serve these defendants will result in dismissal of the claims asserted against them and termination of the defendants from the action; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; the failure to do so will result in the dismissal of his action;** and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: December 18, 2025

_____
Lawrence E. Kahn
Senior U.S. District Judge